UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONALD JOHNSON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 10-1532** |
| **ROBERT C. TANNER, WARDEN** | * | **SECTION: "A"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DENIED WITH PREJUDICE** as untimely.

## PROCEDURAL HISTORY

On June 27, 1994, petitioner, Donald Johnson, presently incarcerated in Rayburn

Correctional Center, was charged by bill of information with first degree robbery.[1] On July 25, 1994, petitioner proceeded to trial by jury in Orleans Parish Criminal District Court and was found guilty as charged.[2] Thereafter, the State filed a multiple offender bill of information against petitioner and, on September 2, 1994, petitioner was sentenced, as a third-felony offender, to twenty-six years and eight months incarceration with credit for time served.[3]

On November 20, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction, but vacated petitioner's sentence, finding that it was excessive. *State v. Johnson*, 684 So.2d 526, 528 (La. App. 4 Cir. 1996). The State sought supervisory review from the Louisiana Supreme Court, specifically seeking review of the excessive sentence issue. On March 4, 1998, the Louisiana Supreme Court determined that the state appellate court had "no power to review *sua sponte* a sentence for excessiveness". *State v. Johnson*, 709 So.2d 679, 681 (La. 1998). Accordingly, the high court vacated the appellate court's decision to the extent the lower court vacated petitioner's sentence and reinstated the "statutory minium sentence of twenty-six years and eight months imposed by the trial court".

---

[1] A copy of the pertinent bill of information is contained in the State rec., vol. 2 of 4.

[2] *See* State rec., vol. 1 of 4, docket master.

[3] *See* State rec., vol. 1 of 4, docket master.

*Id.* [4]

Following the conclusion of his direct appeal proceedings, petitioner, on August 20, 1998, purportedly filed a pleading seeking post-conviction relief with the state district court.[5] The district court issued no decision regarding petitioner's alleged pleading. The Louisiana Fourth Circuit, however, on October 5, 1999, denied petitioner's writ application, providing:

> Relator's application for supervisory writs is denied. Relator represents that on August 20, 1998, he "put something in the criminal district court" with no response. A review of the record failed to indicate that anything had been filed around the time relator represents he filed something. Relator did not attach his filing to his writ application. Thus, there is nothing for this court to review. Relator should refile his pleading in the district court.

*State v. Johnson*, No. 99-K-2189 (La. App. 4 Cir. Oct. 5, 1999) (unpublished opinion).[6]

Petitioner did not seek relief from the Louisiana Supreme Court.

---

[4] Because the validity of petitioner's conviction was not raised in the supreme court, the appellate court's affirmation of petitioner's conviction remained the final word on the issue.

[5] There is no evidence that petitioner sought such relief because a corresponding pleading is not contained in the state court record. Petitioner, however, filed two applications for post-conviction relief during the time his direct appeal proceedings were still pending. While the district court issued no rulings with regard to these applications, both corresponding writ applications were denied by the Louisiana Fourth Circuit based upon the fact that petitioner's appeal proceedings were still pending. *See State v. Johnson*, No. 94-K-1990 (La. App. 4 Cir. Oct. 24, 1994) (unpublished opinion), and *State v. Johnson*, No. 97-K-2782 (La. App. 4 Cir. Jan. 20, 1998) (unpublished opinion). Copies of these Louisiana Fourth Circuit unpublished decisions are contained in the State rec., vol. 4 of 4.

[6] A copy of the Louisiana Fourth Circuit's October 5, 1999 unpublished decision is contained in the State rec., vol. 4 of 4.

On February 22, 2000, petitioner submitted a documented post-conviction application with the state district court.[7] On April 4, 2000, Orleans Parish Criminal District Court Judge Raymond Bigelow issued Judgment denying petitioner's post-conviction application.[8] Petitioner did not seek relief from the Louisiana Fourth Circuit in connection with Judge Bigelow's adverse decision.

In March, 2005, petitioner filed with the state district court a motion to correct an illegal sentence. On April 22, 2005, Orleans Parish Criminal District Court Judge Raymond Bigelow denied petitioner's motion.[9] On May 24, 2005, the Louisiana Fourth Circuit denied petitioner's writ application on the ground that sentencing errors are not cognizable on post-conviction, citing *State ex rel. Melinie*, 665 So.2d 1172 (La. 1996). *State v. Johnson*, No. 2005-K-0741 (La. App. 4 Cir. May 24, 2005) (unpublished opinion).[10] On March 24, 2006, the Louisiana Supreme Court denied petitioner's related writ application based on *Melinie*, *supra*, and further dismissed petitioner's post-conviction claims as untimely under La. C.Cr.P. art. 930.8. *State ex rel. Johnson v. State*, 925 So.2d 1224 (La. 2006).

---

[7]A copy of petitioner's February 22, 2000 post-conviction application is contained in the State rec., vol. 2 of 4.

[8]A copy of Judge Bigelow's April 4, 2000 Judgment is contained in the State rec., vol. 2 of 4.

[9]Copies of petitioner's motion and Judge Bigelow's April 22, 2005 Judgment are contained in the State rec., vol. 4 of 4.

[10]A copy of the state appellate court's unpublished May 24, 2005 decision is contained in the State rec., vol. 4 of 4.

4

Petitioner filed a second motion to correct an illegal sentence with the state district court.[11] On April 22, 2009, Orleans Parish Criminal District Court Judge Karen Herman denied petitioner's motion.[12] On May 19, 2009, the Louisiana Fourth Circuit Court of Appeal, finding that petitioner's motion to correct an illegal sentence was barred post-conviction pursuant to *Melinie* and finding "no error in the district court's April 22, 2009 judgment", denied petitioner's writ application. *State v. Johnson*, No. 2009-K-0620 (La. App. 4 Cir. May 19, 2009) (unpublished opinion).[13] On May 23, 2010, the Louisiana Supreme Court likewise denied petitioner relief, again finding petitioner's claims to be untimely. *State ex rel. Johnson v. State*, 34 So.3d 300 (La. 2010).

On May 11, 2010, while his writ application to the Louisiana Supreme Court was still pending, petitioner filed the instant action for federal habeas corpus relief. In its Response (rec. doc. 8), the State argues that petitioner's habeas application should be dismissed as time-barred. For the following reasons, this court agrees.

---

[11] Copies of petitioner's motion are contained in vols. 2 and 4 of 4. The court is unable to ascertain the filing date of this pleading because petitioner did not date the pleading and the copies contained in the state court record contain no post-mark or court-stamped filing dates.

[12] A copy of Judge Herman's April 22, 2009 Judgment is contained in the State record, vol. 2 of 4.

[13] A copy of the state appellate court's May 19, 2009 unpublished decision is contained in the State rec., vol. 4 of 4.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[14] *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In the instant matter, petitioner's conviction became final on March 4, 1998, and his time for seeking review expired on June 2, 1998, 90 days following his final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See* Sup.Ct.R. 13(1); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000) (citing 28 U.S.C. §2244(d)(1)(A)); *see also United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Thus, under the provisions of § 2254(A), petitioner had a year from June 2, 1998, or until June 2, 1999, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on May 11, 2010, almost eleven years after his June 2, 1999 deadline. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was

---

[14] The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

6

interrupted as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

On August 20, 1998, petitioner arguably sought state post-conviction relief, though there is no substantiation of petitioner's claim in this regard as no post-conviction application is contained in the state court record. At that point, 78 days of petitioner's 365-day statute of limitations had expired.

Petitioner's post-conviction proceeding arguably remained pending until October 5, 1999, when the Louisiana Fourth Circuit denied petitioner's writ application. At that point, under the provisions of La. Supreme Court Rule X, Section 5(a), petitioner had thirty days, until November 4, 1999, within which to timely seek relief from the Louisiana Supreme Court in connection with the state appellate court's October 5, 1999 adverse decision. When petitioner failed to file a writ application with the state supreme court, his prescriptive period, on November 4, 1999, once again commenced to run. *See Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (after appeal period has lapsed, a state collateral review proceeding "ceases to be pending," and therefore, ceases to interrupt prescription). Prescription continued to run until February 22, 2000, when petitioner filed an application for post-conviction relief with the state district court. At that point, 109 more prescription days

expired, for a total of 187 days (78 days + 109 days = 187 days). Accordingly, petitioner had 178 days left (365 days - 187 days = 178 days) before his one-year statute of limitations expired.

Petitioner's February 22, 2000 post-conviction application remained pending until April 4, 2000, when the state district court denied him relief. Under the provisions of Louisiana Court of Appeal Rule 4-3, petitioner then had 30 days, until May 4, 2000, to timely seek relief from the Louisiana Fourth Circuit Court of Appeal. Petitioner failed to file a writ application with the state appellate court and, as such, prescription, on May 4, 2000, once again commenced to run. Petitioner's prescriptive period expired 178 days later, on October 30, 2000, long before March, 2005, when petitioner again sought post-conviction relief, filing a motion to correct an illegal sentence with the state district court. Thus, this matter would appear to be time-barred absent a basis for equitably tolling petitioner's prescriptive period.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th

Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers no basis for equitably tolling prescription nor has this court's review of the record uncovered any such basis.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United*

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[15]

New Orleans, Louisiana, this __28th__ day of _____January_____, 2011.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　LOUIS MOORE, JR.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[15]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.